Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Amber Shaw

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Amber Shaw**; an Arizona resident, | **Case No.** |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Consumer Cellular Incorporated**, an Oregon company, | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Amber Shaw ("**Shaw**"), for her Verified Complaint against Defendant Consumer Cellular Incorporated ("**Consumer Cellular**"), hereby alleges as follows:

## PARTIES

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona. At all times relevant to this lawsuit, Shaw was an "employee" of Consumer Cellular as defined in the Americans with Disabilities Act and the Americans with Disabilities Act Amendments Act, 42 U.S.C.A. § 12101, *et seq.* (collectively referred to herein as the "**ADA**").

2. Upon information and belief, Consumer Cellular is authorized to conduct

business and is currently doing business in the State of Arizona. At all times relevant hereto, Consumer Cellular was Shaw's "employer" as defined in the ADA.

## JURISDICTION AND VENUE

3. All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the ADA.

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

5. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

6. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

7. Personal jurisdiction in this Court is proper.

8. Venue in this Court is proper.

## FACTUAL ALLEGATIONS

9. Plaintiff is diagnosed with chronic stomach conditions including, *inter alia,* gastroparesis.

10. Symptoms of Plaintiff's gastroparesis include, *inter alia*:

   a. Vomiting

   b. Fatigue

   c. High blood sugar

      d.      Kidney stones

      e.      Incapacitation

11. When Plaintiff is experiencing a flare of gastroparesis or receiving medical care for gastroparesis, she requires time off of work.

12. Plaintiff is also diagnosed with bipolar disorder.

13. When Plaintiff is experiencing an episode of her bipolar disorder or receiving medical care for bipolar disorder, she requires time off of work.

14. Plaintiff was employed with Defendant as a Customer Service Representative.

15. Plaintiff notified Defendant of her disabilities and need for time off work to seek medical treatment and for flares of her condition.

16. Instead of accommodating Plaintiff, Defendant disciplined her for her disability-related absences.

17. Plaintiff filed a Charge of Discrimination against Defendant on August 30, 2013 alleging disability discrimination.

18. Plaintiff's Charge alleged that Consumer Cellular denied her leave as a reasonable accommodation and subjected her to discipline, including discharge, under its time and attendance policies because she was not eligible as she had not worked for the company for one year.

19. In or around June of 2014, Plaintiff required medical treatment due to her disabilities.

20. Plaintiff informed Defendant that she was seeking medical treatment due to her disabilities and requested accommodations including, *inter alia*, working a modified

schedule to attend doctor's appointments.

21. When speaking with human resources personnel, Plaintiff was informed that she would be permitted to make up hours and maintain her medical benefits.

22. Contrary to statements from human resources personnel confirming that the requested accommodation was reasonable and would be implemented, Plaintiff's manager failed to accommodate her.

23. Assistant Call Center Manager Allison Jones made it difficult for Plaintiff to modify her schedule.

24. For example, Jones offered Plaintiff a schedule that would have her working one- and one-half hours, leaving work for two hours, then coming back to work at many different times.

25. Plaintiff, through her treating physician, also requested a regular work schedule instead of the erratic hours due to her bipolar disorder.

26. When Plaintiff requested a more reasonable schedule, Jones refused.

27. By way of another example, Plaintiff's direct supervisor would approve Plaintiff's disability-related schedule requests and Jones would veto the approvals.

28. On or about June 16, 2014, Plaintiff complained to human resources personnel.

29. Plaintiff complained that the treatment from Jones was discriminatory and retaliatory.

30. In response, Plaintiff was fired only nine days later on June 25, 2014.

31. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about February 6, 2015.

32. On or about March 14, 2018, the EEOC issued a Letter of Determination with respect to her Charge of ADA discrimination and retaliation, finding reasonable cause to believe there was a violation of the ADA.

**COUNT I**
**DISCRIMINATION UNDER THE**
**AMERICANS WITH DISABILITIES ACT**

33. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

34. The ADA prohibits discrimination against a qualified individual with a disability in regard to terms, conditions and privileges of employment. 42 U.S.C. § 12112(a).

35. Plaintiff has a physical impairment that substantially limits a major life activity.

36. In the alternative, the length of time during which Plaintiff has experienced symptoms, and for which she will continue to suffer from, constitutes a record of impairment.

37. Plaintiff suffers from disorders which are disabilities as defined by the ADA.

38. Defendant is an employer under the ADA.

39. Defendant knew of Plaintiff's physical limitations.

40. Defendant treated Plaintiff disparately as compared to other similar situated non-disabled employees because of his disability.

41. Plaintiff is qualified to perform the essential functions of her position.

42. Plaintiff requested reasonable accommodations to allow her to perform the essential functions of her position.

43. Defendant discriminated against Plaintiff by failing to provide her with reasonable accommodations, and imposed discipline and terminated her due to her disabilities.

44. Defendant likewise failed to engage in the interactive process in good faith.

45. Accommodating Plaintiff's reasonable requests would not inflict undue hardship on Defendant.

46. Plaintiff's reasonable requests would not pose a direct threat to the health or safety of other individuals in the workplace.

47. Plaintiff's disability was the but-for cause of Defendant's discriminatory conduct.

48. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

49. As a result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II
## RETALIATION IN VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT

50. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

51. The ADA prohibits discrimination against any individual because such individual engaged in protected activity under the ADA. See 42 U.S.C. § 12203(a).

52. Plaintiff engaged in protected activity by requesting reasonable accommodations and complaining that her supervisor was discriminating against her.

53. Defendant retaliated against Plaintiff by, *inter alia*, refusing to investigate

her complaints, failing to provide her with reasonable accommodations and terminating her due to engaging in protected activity.

54. Plaintiff's disability was the but-for cause of Defendant's retaliatory conduct.

55. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

56. As a result, Plaintiff has been damaged in an amount to be proven at trial.

RESPECTFULLY SUBMITTED May 28, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jessica Miller
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Amber Shaw

## VERIFICATION

Plaintiff Amber Shaw declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Amber Shaw